Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

James R. Mugridge, CA SBN 292803
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2500 Tulare Street, Suite 2601
Fresno, CA 93721
Telephone:  (559) 487-5135
Facsimile:   (559) 487-5053

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **(42 U.S.C. §§ 2000e, et seq.)** |
| SUNRIDGE NURSERIES, INC., a California Corporation, and DOES 1-10, inclusive, | **JURY TRIAL DEMAND** |
| Defendants. | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful retaliation and to provide appropriate relief to Charging Parties Marcelino Cadiz, Jerold Cadiz, Melicio Cadiz, Anabelle Cadiz, Aleli Cadiz and a class of similarly situated employees (referred to collectively herein as "Claimants"). As set forth in paragraphs 14-35 of this Complaint, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") asserts that Defendant Sunridge Nurseries, Inc. ("Defendant" or "Sunridge"), subjected Claimants to retaliation in violation of Title VII for internally opposing discrimination by complaining verbally and in writing to Sunridge and externally opposing discrimination by filing charges with the Commission.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.  This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California.

### PARTIES

4.  Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff," "EEOC," or the "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII. The Commission is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

///

5.     At all relevant times, Defendant Sunridge has continuously been a California corporation doing business in Kern County, State of California, and has continuously had at least fifteen (15) employees.

6.     At all relevant times, Defendant Sunridge has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

7.     All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved, and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8.     Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively; and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

**CONDITIONS PRECEDENT**

9.     More than thirty days prior to the institution of this lawsuit, Charging Parties each filed a charge with the Commission alleging violations of Title VII by Defendant.

10.    The Commission conducted an investigation into the allegations of the

Charging Parties' charges which included, but was not limited to seeking documents and conducting interviews.

11.     On July 26, 2019, the Commission issued to Defendant five Letters of Determination finding reasonable cause to believe that Title VII was violated with respect to the Charging Parties and a class of similarly situated individuals when Sunridge failed to hire / rehire them in retaliation for having engaged in protected activities. The Commission further invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

13.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14.     On August 14, 2019 the Commission issued to Defendant a Notice of Failure of Conciliation.

15.     All conditions precedent to initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16.     Since at least 2014, Defendants have engaged in unlawful employment practices in violation of § 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). As set out in more detail below, the unlawful employment practice at issue was refusing to hire or rehire the Claimants because they engaged in protected activities.

17.     Defendant Sunridge is primarily in the business of propagating and grafting grape nursery stock.

18.     Defendant Sunridge is based in Bakersfield and operates more than 600 acres of rootstock, scionwood increase blocks, and outdoor nursery blocks.

19.     The Charging Parties were all employed by Defendant continuously during the rootstock and vinestock harvesting seasons.

        a.  Marcelino Cadiz began working for Sunridge in 1982;

        b.  Aleli Cadiz began working for Sunridge in 1987;

        c.  Melecio Cadiz began working for Sunridge in 1987;

        d.  Annabelle Cadiz began working for Sunridge in 2012; and

        e.  Jerold Cadiz began working for Sunridge in 2012.

20.     Defendant Sunridge's ordinary practice was to contact one or more of the Charging Parties every year at the start of a season to rehire all of the Charging Parties for seasonal employment.

21.     The Charging Parties each only applied for a position when they were initially hired. Thereafter, Sunridge initiated the contact each season for rehire.

22.     Starting in December of 2011 and continuing until Spring of 2014, the Charging Parties collectively verbally complained of racial discrimination on a continuous basis. The Charging Parties verbally complained to Joaquin Perez, Hugo Gomez, and others. The verbal complaints of racial discrimination related to the treatment of Filipino employees being treated differently from non-Filipino workers in pay, assignments, and working conditions, among other things.

23.     The Claimants continued to be given the worst rows, continued to be the first to be dismissed, continued not to be recalled to work after stoppages, and continued to be given lower-paying assignment than non-Filipino workers.

24.     Charging Parties submitted a written complaint to Sunridge in February or March of 2014, complaining of the working conditions faced by the Filipino employees.

25.     Sunridge did not address the written complaint before the end of the 2013-2014 season.

26.     At the start of the 2014-2015 season, unlike other seasons, the Charging Parties received no call to return to Sunridge for work.

27.     The Charging Parties were made aware by other Filipino workers that workers were called to return to work on December 1, 2014.

28.     Despite not being called back, the Charging Parties reported to Sunridge on November 30, 2014 to fill out annual employment paperwork. Upon arriving at Sunridge's facility, Joaquin Perez told the Charging Parties that they were not permitted to return to work. Mr. Perez indicated that it was a management decision. Mr. Perez further indicated that the Charging Parties may be called to return to work later in the season.

29.     The Charging Parties all filed charges of discrimination with the EEOC between in January of 2015 and March of 2015.

30.     As a result of filing with the EEOC, the Charging Parties were not recalled to work at any point by Sunridge in the 2014-2015 season and subsequently for the 2015-2016 season.

31.     As a result, the Charging Parties all filed charges of retaliation with the EEOC on November 29, 2016.  Since the filing of the retaliation charge, they have not been called back to work by Sunridge in the 2016-2017 season, the 2017-2018 season, or the 2018-2019 season.

32.      Defendant retaliated against Claimants for engaging in a protected activity and, as a result, took in adverse employment actions against each of them.

33.     Defendant's refusal to hire or rehire Claimants is solely as a result of retaliation. Any other reasons are pretextual in nature.

a.  The Charging Parties' production rate was consistently as good or better than employees who were asked to return; and

b.  The Charging Parties had no conduct issues that would justify the failure to rehire.

34.     The effect of the practices complained of above has been to deprive Claimants of equal employment opportunities and otherwise adversely affect their

status as employees because of their engagement in protected activities in opposition to unlawful employment practices.

35.     The unlawful employment practices complained of above were intentional and caused the Claimants to suffer harm, including emotional distress.

36.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Claimants.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging any employment practice which retaliates against employees for opposing discrimination;

B.     Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of § 704 of Title VII;

C.     Order Defendants to institute and carry out policies, practices, and programs to ensure records retention that complies with § 709(c) of Title VII;

D.     Order Defendants to make Claimants whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

E.     Order Defendants to make the Claimants whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

1    F.    Order each Defendant to pay Claimants punitive damages for its

2  intentional, malicious, and reckless conduct described above in an amount to be

3  determined at trial;

4    G.    Award the Commission its costs of this action; and

5    H.    Grant such further relief as the Court deems necessary and proper in

6  the public interest.

7                     **JURY TRIAL DEMAND**

8    The Commission requests a jury trial on all questions of fact raised by its

9  Complaint.

10  Dated: September    26  , 2019            Respectfully Submitted,

11

12                            SHARON FAST GUSTAFSON
                              General Counsel
13

14                            JAMES L. LEE,
                              Deputy General Counsel
15

16                            GWENDOLYN YOUNG REAMS,
                              Associate General Counsel
17

18                            U.S. EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION
19                            131 "M" Street, NE.

20                            Washington, D.C. 20507

21

22               By:    _____
                              ANNA Y. PARK
23                            Regional Attorney

24                            SUE J. NOH
                              Supervisory Trial Attorney
25

26                            JAMES MUGRIDGE,
                              Trial Attorney
27

28                            U.S. EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION