# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br>     v.<br><br>SUNRIDGE NURSERIES, INC., a California Corporation, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 1:19-cv-01365-AWI-JLT<br><br>**ORDER DENYING STIPULATION TO CONTINUE THE SCHEDULING CONFERENCE AND THE DEADLINE TO FILE A RESPONSIVE PLEADING (DOC. 12)** |

A couple of weeks ago, the Court denied in part the stipulation of the parties to extend the deadline for the defendant to file a responsive pleading and to continue the scheduling conference. (Doc. 11) The parties reported they had undergone mediation but had been unable to settle the case but hoped, with a 90-day extension on the deadline to file the responsive pleading and the scheduling conference, they may make progress. Id. The Court denied the stipulation noting the age of the case and the fact they offered no explanation how the 90 additional days would be spent or why they believed they could settle the case in light of the fact they had been unable to settle the case at their recent mediation. The Court permitted the defense about three weeks to file the responsive pleading and continued the scheduling conference to April 3, 2020. Id.

Despite the tenor of the order and despite the Court's obvious concern over the parties' refusal to settle the case or move it forward, the parties have, once again, requested a 90-day extension of these dates (Doc. 12) The parties seem to "hang their hat" on the fact that they "have recently been able to agree *in principle* to a monetary settlement amount to resolve the claims at issue." Id. at 2, emphasis added. They report that they need 90 days "to continue to negotiate the final language and other terms in a Consent Decree." Id. They suggest that allowing the defense to not file a responsive pleading and to not schedule the case "conserves resources" but don't express any estimate as to the extent to which resources will be saved. Id.

In the Court's experience with these types of cases, the amount to be paid is the least contentious issue and, instead, the terms of the consent decree—in fact, whether there should be a consent decree—is where the bulk of the dispute exists. The parties here don't even commit to whether they *have* agreed on a sum certain (Doc. 12 at 2), so the Court has little confidence that the case will settle in short order, especially without the press of deadlines. Rather, the parties seem to say as they have twice in the past (Docs. 5, 8), that they want to try to settle the case, but have no real idea when or whether they can. The parties need to "fish or cut bait." Thus, the stipulation is **DENIED**. As the Court previously ordered (Doc. 11), **by March 27, 2020, the parties SHALL file either a notice of settlement or a joint scheduling conference**.1

IT IS SO ORDERED.

Dated: __**March 9, 2020**__         __**/s/ Jennifer L. Thurston**__
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] As the parties are aware, the defendant has failed to file the responsive pleading and is at risk of default, despite the Court's order (Doc. 11).