Anna Y. Park, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Connie Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech Street, Suite 504
Telephone: (619) 900-1617
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> SUNRIDGE NURSERIES, INC., a California Corporation, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 1:19-CV-01365-AWI-JLT <br><br> ~~[PROPOSED]~~ **CONSENT DECREE AND ORDER** |

## I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC," "Plaintiff," or

015816.00002 - 260952.1

1  "Commission") and Defendant Sunridge Nurseries, Inc. ("Defendant" or "Sunridge") hereby

2  stipulate and agree to entry of this Consent Decree ("Decree") to resolve the Commission's

3  Complaint against Defendant in *EEOC v. Sunridge Nurseries, Inc. et al*, Case No. 1:19-CV-

4  01365-AWI-JLT (the "Action"). On September 19, 2019, Plaintiff EEOC filed this Action in

5  United States District Court in the Eastern District of California for violations of Title VII of the

6  Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). EEOC

7  alleged that Defendant retaliated against Charging Parties Marcelino Cadiz, Jerold Cadiz,

8  Melicio Cadiz, Anabelle Cadiz, Aleli Cadiz and a class of similarly situated employees (referred

9  to collectively herein as "Claimants") by failing to rehire them after Claimants: (1) internally

10  opposed discrimination by complaining verbally and in writing to Sunridge; and (2) externally

11  opposed discrimination by filing charges with the Commission and DFEH.

## II.
## PURPOSES AND SCOPE OF THE DECREE

The EEOC and Defendant (the "Parties") agree this Action should be fully and
completely resolved by entry of this Decree. This Decree is made and entered into by and
between the EEOC and Defendant and shall be binding on and enforceable against Defendant as
well as its parents, subsidiaries, officers, directors, agents, successors, and assigns.

The Parties have entered into this Decree for the following purposes:

1.      To provide appropriate monetary and injunctive relief;

2.      To ensure Defendant's employment practices comply with federal law;

3.      To ensure a work environment free from retaliation against those engaged in
protected activities;

4.      To ensure training for Defendant's managers and employees with respect to the
pertinent laws regarding retaliation;

5.      To provide an appropriate and effective mechanism for handling complaints of
discrimination in the workplace and protecting against any subsequent retaliation; and

6.      To avoid the expensive and protracted costs incident to this litigation.

-2-

015816.00002 - 260952.1

1

### III.

### RELEASE OF CLAIMS

This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC against Defendant in this Action.

Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures as this Decree only resolves the issues, claims, and allegations raised by the EEOC against Defendant in this Action.

Defendant does not admit any liability in relation to the claims that are alleged in the EEOC's complaint.

### III.

### JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This Action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California.

4. This Court has jurisdiction over the Parties and the subject matter of this Action. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

5. The terms and provisions of this Decree are fair, reasonable, and just.

-3-

1        6.    This Decree conforms with Title VII, the Federal Rules of Civil Procedure, and

2   is not in derogation of the rights or privileges of any person.

3        7.    The Court shall retain jurisdiction of this action during the duration of the Decree

4   for purposes of entering any order, judgment, or decree that may be necessary to complement

5   the relief provided herein.

6   **IV.**

**EFFECTIVE DATE AND DURATION OF DECREE**

7
     The provisions and agreements contained herein are effective immediately upon the date

8
which this Decree is entered by the Court ("the Effective Date").

9
     Except as otherwise provided herein, this Decree shall remain in effect for two (2) years

10
after the Effective Date.

11   **V.**

12   **MODIFICATION AND SEVERABILITY**

13        This Decree constitutes the complete understanding of the Parties with respect to the

14   matters contained herein.  No waiver, modification, or amendment of any provision of this

15   Decree will be effective unless made in writing and signed by an authorized representative of

16   each of the Parties.

17        If one or more of the provisions of the Decree are rendered unlawful or unenforceable,

18   the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in

19   order to effectuate the purposes of the Decree.  In any event, the remaining provisions will

20   remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best

21   efforts, be achieved.

22        By mutual agreement of the Parties, this Decree may be amended or modified in the

23   interests of justice and fairness in order to effectuate the provisions of the Decree.

24

25   **VI.**

26   **COMPLIANCE AND RESOLUTION**

27        The Parties agree that if the EEOC has reason to believe that Defendant has failed to

28   comply with any provision of this Decree, the EEOC may bring an action before this Court to

-4-

1  enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant and its legal

2  counsel of record, in writing, of the nature of the dispute.  Defendant shall have thirty (30) days

3  from the written notice to attempt to resolve or cure the breach.  The Parties may agree to

4  extend this period upon mutual consent.

5  The Parties agree to cooperate with each other and use their best efforts to resolve any

6  dispute referenced in the EEOC notice.

7  After forty-five (45) days—inclusive of the thirty (30) days to resolve or cure the

8  breach—have passed from the written notice with no resolution or agreement to extend the

9  time, the EEOC may petition this Court for resolution of the dispute, seeking all available relief,

10  including an extension of the term of the Decree for such period of time that the Court finds the

11  Decree was not complied with and/or any other relief that the Court may deem appropriate.

12  In the event Defendants fail to make any payment in accordance with Section VIII

13  below, the above-noted dispute resolution process shall not apply.  Rather, if the EEOC has

14  reason to believe that Defendant has failed to comply with any payment described in Section

15  VIII below, the EEOC may bring an action before this Court to enforce the Decree.  Prior to

16  initiating such action, the EEOC will notify Defendant and its legal counsel of record, in

17  writing, of the non-payment.  Defendant shall have ten (10) days from the EEOC's written

18  notice to cure the breach.  If the breach has not been cured within ten (10) of receipt of the

19  EEOC's written notice, the EEOC may petition this Court for resolution, seeking all available

20  relief and/or any other relief the Court may deem appropriate.

21  In the event of exigent circumstances, the EEOC may petition the Court for resolution of

22  the dispute without adhering to provisions described in this Section.

23

24  **VII.**

**MONETARY RELIEF**

25

26  Under Title VII, Claimants are entitled to compensatory damages and back pay.

Defendant shall pay a total of $ 237,500.00 to the Claimants in monetary relief to settle this

27  Action within thirty (30) days of the Effective Date. Defendants shall deliver a check via mail to

28

-5-

1  each Claimant for their share of settlement.

2        The EEOC has designated that the payment will be non-wage compensation for the

3  emotional distress suffered by the Charging Parties as a result of their claims against Defendant

4  and no tax withholdings shall be made. Defendant shall prepare and distribute a Form 1099 tax

5  reporting form or equivalent tax reporting forms to the Charging Parties and shall make any

6  appropriate reports to the Internal Revenue Service and other tax authorities. The 1099 forms

7  will be issued at the time the checks are distributed.  Claimants are solely responsible for any

8  and all tax liability that may accrue to them as a result of their share of any portion of monies

9  received in settlement of this action.

10        Within five (5) business days of the issuance of the aforementioned payments,

11  Defendant shall submit a copy of any checks, tax reporting forms, and related correspondence

12  to: Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los

13  Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

14

15                              **VIII.**

                    **GENERAL INJUNCTIVE RELIEF**

16     A. Retaliation

17        Defendant, its officers, agents, management (including all supervisory employees),

18  successors, assigns and all those in active concert or participation with them, or any of them, are

19  hereby enjoined from engaging in, implementing or permitting any action, policy or practice

20  that subjects any current or former employee or applicant of Defendant or its successors, or

21  either of them, to retaliation, because he or she has in the past, or during the term of this

22  Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of

23  discrimination alleging such practice; (c) testified or participated in any manner in any

24  investigation (including, without limitation, any internal investigation undertaken by Defendant

25  or its successors) or proceeding in connection with  this Action or relating to any claim of a

26  Title VII violation; (d) been identified as a possible witness or claimant in this Action; (e)

27  asserted any right under this Decree; or (f) sought and/or received any relief in accordance with

28  this Decree.

-6-

015816.00002 - 260952.1

# IX.
## SPECIFIC INJUNCTIVE RELIEF

A. Policies and Procedures

Defendant shall review its existing policies and procedures with regard to Title VII and create and/or revise any such policies and procedures to ensure compliance with Title VII, this Decree, and employment anti-retaliation laws (hereinafter the "Policy"). Specifically, Defendant will review and create/revise any policies and procedures regarding: prohibited discriminatory and/or retaliatory conduct, the rights and responsibilities of employees under Title VII, and specific policies and procedures regarding retaliation. The Policy shall be in a language that employees can understand.

    1.   The Policy shall include:

        a. A clear and express prohibition against making any personnel decisions, including but not limited to, hiring, firing, and rehiring decisions, on the basis that the employee previously lodged a complaint of workplace discrimination in violation of Title VII;

        b. A clear explanation of prohibited discriminatory and retaliatory conduct;

        c. A clear explanation of employees' rights and responsibilities under Title VII;

        d. Assurance that employees who make complaints of discrimination, or provide information related to such complaints, will be protected against retaliation;

        e. A clearly described complaint process providing internal and external avenues for complaints by employees or applicants who believe they have been subjected to retaliation;

        f. A requirement that any employee in a management, supervisory, and/or human resources position who receives a complaint of discrimination and/or retaliation, whether formal or informal written or verbal, report such complaint to management within twenty-four (24) hours of received said complaint;

        g. Assurance that Defendant will protect the confidentiality of any discrimination and/or retaliation complaints to the fullest extent possible from being disclosed;

        h. A complaint process that provides a prompt, thorough, and impartial investigation;

        i. A requirement that Defendant communicate with the complainant in

-7-

1  writing regarding the status of the complaint/investigation, results of the investigation, and if any
2  remedial action was taken; and

3                    j. Assurance that Defendant will take immediate and appropriate corrective
   action when it determines that retaliation and/or discrimination has occurred.

4            2.   Procedure for Handling Complaints of Discrimination and/or Retaliation

5            Defendant's Policy and procedure for handling complaints shall state how its staff will
6  handle employee complaints of discrimination and retaliation, including but not limited to, the
7  inclusion of the requirements and assurances as set forth, *supra*, and the provision of information
8  regarding how to make internal and external complaints.

9            3.   Performance Evaluations

10           Defendant shall hold its managers, supervisors, and human resources personnel
11 accountable for failing to comply with Defendant's Policy and its procedures for handling
   complaints of discrimination and/or retaliation, including but not limited to noting such conduct
12 in the employee's annual performance evaluation.

13           Within thirty (30) days of the Effective Date and on an annual basis thereafter, Defendant
14 shall ensure that it has distributed the Policy, including any complaint procedure, to all
15 employees.  Within thirty (30) days of the Effective Date and on an annual basis thereafter,
16 Defendant shall submit to the EEOC a statement confirming the distribution of the Policy.

17           Within thirty (30) days of the hire date of any person hired after the initial distribution but
18 within the term of the Decree, Defendant shall ensure that it has distributed the Policy, including
19 any reasonable accommodation and/or complaint procedure, to that person.  On an annual basis
20 through the term of the Decree, Defendant shall submit to the EEOC a statement confirming the
21 distribution of the Policy to any person hired after the initial distribution but within the term of
22 the Decree.

      B.  Posting of Notice of Consent Decree and Settlement
23
24           Within thirty (30) days of the Effective Date and throughout the term of this Decree,
25 Defendant shall ensure that it has posted the Notice of Consent Decree and Settlement (attached
   to this Decree as Attachment A) in a conspicuous place accessible to all employees.  Within
26 thirty (30) days of the Effective Date, Defendant shall submit to the EEOC a statement
27 confirming the posting of the Notice of Consent Decree and Settlement.

28    C.  Training

                                                    -8-

Defendant agrees that EEO training will be conducted as follows:

1. By December 31, 2020 and annually thereafter Defendant shall provide live and interactive training lasting one hour in duration to all employees. The training shall be in a language that employees understand and shall cover federal laws regarding employment discrimination and retaliation. All persons required to attend such training shall verify their attendance in writing.

2. By December 31, 2020 and annually thereafter Defendant shall provide an additional live training of at least two hours in duration to the managers, permanent supervisors, hiring officials, and human resources/compliance staff members covering the Policy and compliance with federal laws regarding employment discrimination and retaliation. The training shall include direction on how to properly identify and investigate complaints of discrimination and retaliation. All persons required to attend such training shall verify their attendance in writing.

3. Within thirty (30) days of the hire or promotion date of any manager, permanent supervisor, hiring official, or human resources/compliance staff member hired after the last training but within the term of the Decree, Defendant shall provide training of at least one hour in duration covering the Policy and compliance with federal laws regarding employment discrimination and retaliation. All persons required to attend such training shall verify their attendance in writing.

4. Defendant shall provide thirty (30) days written notice to the EEOC prior to the occurrence of any training undertaken pursuant to this Decree, including the location of the training, date and time of the training, materials for the training, and person conducting the training. EEOC personnel shall be permitted to attend and view the trainings.

5. By January 31, 2021, and annually thereafter through the term of the Decree, Defendant shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

D. Record Keeping of Complaints and Call Logs

015816.00002 - 260952.1

Within thirty (30) days of the Effective Date, Defendant shall establish a record-keeping procedure that provides for the centralized tracking of discrimination complaints, retaliation complaints, and the monitoring of such complaints in a Complaint Log.

Defendant shall retain all documents relating to any discrimination and/or retaliation complaints identified in the Complaint Log. Defendant shall also maintain any documents generated or collected during the duration of this Decree in connection with any discrimination complaints, any retaliation complaints, any investigation into the discrimination or retaliation complaint, and any resolution of any complaint.

Defendant shall maintain a Complaint Log for the purpose of annual self-assessment. Defendant shall utilize the Complaint Log to determine how Defendant can improve the manner in which discrimination and/or retaliation complaints are identified, reported, investigated, resolved, and monitored.  The Complaint Log shall include the following information:

1. Name of person making the complaint;
2. Date(s) of the complaint (including all oral and written complaints);
3. Nature of the complaint (disability discrimination, retaliation, etc…);
4. Names of any and all person to whom the complaint (written and/or oral) was made;
5. Names of any and all alleged perpetrators of discrimination and/or retaliation;
6. Date of investigation into each complaint of discrimination and/or retaliation;
7. Names of any and all individuals involved in the investigation;
8. Names of any and all individual interviewed during the investigation;
9. A brief summary of the investigation;
10. A brief summary of how each complaint was resolved;
11. Identity of each person involved in the resolution of the complaint;
12. Summary of all information, including any and all documents, that were reviewed during the investigation and in reaching a resolution as to each complaint; and
13. Summary of any and all monitoring that has been conducted following each complaint.

Pursuant to 42 U.S.C. §2000e-8(c), Defendant shall create and maintain call logs of the potential workers contacted each season for the purpose of employment. Each entry in the call logs shall include, at a minimum:

-10-

015816.00002 - 260952.1

1. The name and contact information of the person called;
2. Whether the person contacted is a returning employee or a new hire;
3. The name and contact information of Defendant's agent making the call;
4. The time, date, and durationof the phone call;
5. A brief summary of the discussion; and
6. Whether the person contacted was offered and accepted the job.

Within thirty (30) days of a request by the EEOC for the above-described records, Defendant shall produce such records to the EEOC.

E. Reporting to the EEOC

Defendant shall provide the following report annually throughout the term of this Decree:

1. All documents verifying the occurrence of all training sessions as required under this Decree, including any attendance lists, that took place during the previous twelve (12) months;
2. All documents verifying the distribution of the Policy and any related procedures for all employees as required under the Decree;
3. Defendant's Complaint Log and centralized system of tracking discrimination and retaliation complaints;
4. A description of all discrimination and/or retaliation complaints made since the submission of the immediately preceding report hereunder. This description shall include the names of the individuals alleging discrimination or retaliation; the nature of the complaint; the names of the alleged perpetrators of discrimination or retaliation; the dates of the alleged discrimination or retaliation; a brief summary of how each complaint was resolved; identity of the employee(s) who investigated and/or resolved each complaint; and any and all monitoring that has been conducted following each complaint. If no results have been reached as of the time of the report, the result shall be included in the next report;
5. An annual audit report describing Defendant's progress and compliance with the Decree and summary of actions taken by Defendant to comply with Title VII;
6. A copy of any Policy and related procedures regarding discrimination and/or retaliation that have been in effect since the last annual report; and

-11-

7. Verification that the Notice of Consent Decree and Settlement and Policy has continued to be posted in a conspicuous place accessible to all employees.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XII.

## MISCELLANEOUS PROVISIONS

During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure. Defendant shall simultaneously inform the EEOC of any such agreement for acquisition, assumption of control, or other material change in corporate structure.

During the term of this Decree, Defendant shall assure that each of its officers, managers, and supervisors is aware of any term(s) of this Decree which may be related to his or her job duties.

Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; facsimile number (213) 894-1301.

///
///
///
///
///
///
///

-12-

015816.00002 - 260952.1

1

**XIII.**

**COSTS AND ATTORNEYS' FEES**

Each party shall bear its own costs of suit and attorneys' fees.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Respectfully Submitted,

Date: _4/3/2020_       By: _Anna Y. Park_ w/ permission by Committee

ANNA Y. PARK
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: _3/25/2020_      By: _____

Ian Wieland
Attorney for Defendant
Sunridge Nurseries

Date: _3/25/20_        By: _____

[Corporate Representative]
On Behalf of Sunridge Nurseries

-13-

ORDER

1

2      The provisions of the foregoing Consent Decree are hereby approved and compliance

3 with all provisions thereof is HEREBY ORDERED. The Court hereby retains jurisdiction over

4 this Consent Decree until its termination.

5

IT IS SO ORDERED.

6

7 Dated: *4-9-2020*

8                           Hon. Anthony W. Ishii
                          U.S. District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Fresno Local Office**

**NOTICE OF CONSENT DECREE**

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in the case of <u>U.S. Equal Employment Opportunity Commission v. Sunridge Nurseries</u>; Case No. 1:19-CV-01365-AWI-JLT, settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

The EEOC is a government agency that enforces federal anti-discrimination laws in the workplace. On September 19, 2019, the EEOC filed a lawsuit in the United States District Court for the Eastern District of California against Sunridge Nurseries ("Sunridge") alleging that they retaliatedagainst former employees on for engaging in protected conduct. Thereafter, Sunridge settled the case by entering into a Consent Decree with the EEOC and paying monetary relief to the employees. Sunridgealso agreed to relief intended to correct its policies and prevent future discrimination and retaliation by: retaining an equal employment opportunity monitor; reviewing and revising their equal employment policies and practices, especially as they relate to preventing retaliation; providing annual training; posting and distributing this Notice of Consent Decree; logging discrimination and retaliation complaints; and record-keeping and reporting to the EEOC for two (2) years.

Sunridge has committed to complying with federal anti-discrimination laws in all respects, including preventing and remedying discrimination and retaliation.Sunridge will not tolerate discrimination against employee on the basis of that person's disability, sex, race, national origin, color, religion, and age, and prohibits retaliation against any employee who complains about discrimination, files a charge of discrimination, or participates, gives testimony, or assists in any investigation regarding discrimination.

If you believe that you have been discriminated against because of your disability, sex, national origin, age, race, color, or religion, or retaliated against, you may seek assistance from:
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
1-800-669-4000

-14-

015816.00002 - 260952.1